**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| MARYKATE BURNS | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No.: 1:25-cv-11606 |
| | ) | |
| v. | ) | Honorable Sharon Johnson Coleman |
| | ) | |
| UNITED AIRLINES, INC. and VIKTOR BATISCHEW, | ) | Magistrate Judge Maria Valdez |
| | ) | |
| | ) | |
| *Defendants*. | ) | |

**UNITED AIRLINES, INC.'S REPLY IN FURTHER SUPPORT OF ITS <u>MOTION TO DISMISS COUNT III OF PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

Defendant, UNITED AIRLINES, INC. ("United"), by its undersigned counsel and pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), respectfully submits this Reply in Further Support of its Motion to Dismiss Count III of Plaintiff's First Amended Complaint.

## I. INTRODUCTION

Plaintiff's fraudulent concealment claim should be dismissed because it is preempted by the ADA and fails to satisfy Rule 9(b). Plaintiff's Opposition demonstrates her fundamental misunderstanding of preemption, judicial dicta, and the U.S. Supreme Court's holding in *Wolens*. She attempts to cloak her fraudulent concealment claim as one for personal injury to circumvent preemption. But no matter how Plaintiff casts her fraud claim, it indisputably, and improperly, seeks to judicially regulate United's services. Thus, it is preempted by the ADA and fails as a matter of law.

Plaintiff's Opposition also does not explain how her Complaint identifies what statement or omission is at issue, or when, where, and to whom United made any statements or omissions. Such generalized allegations of fraud, and conclusory allegations that United suppressed an alleged incident history and supposedly "documented pattern" do not satisfy Rule 9(b)'s requirements.

Because any amendment would be futile, Plaintiff's fraudulent concealment claim should be dismissed with prejudice.

## II. ARGUMENT

### A. PLAINTIFF'S FRAUDULENT CONCEALMENT CLAIM IS PREEMPTED.

Plaintiff contends that her fraudulent concealment claim does not "relate to" airline services, and is therefore not preempted, because the subject matter of her claim involves "physical safety," inflight failures, and personal/physical injury. Plaintiff's argument misconstrues preemption law, misstates the crux of her legal claim, and is based on a line of cases the Seventh Circuit has not adopted. It is Plaintiff, not United, who erroneously conflates fraud claims with personal injury claims to incorrectly conclude that her claim is not preempted. United's motion is directed only to Plaintiff's fraudulent concealment count. Plaintiff's separate personal injury counts are not contemplated by this motion.[1]

All things considered, Plaintiff cannot avoid preemption because her fraudulent concealment claim (1) is not a personal injury claim that may escape the ADA's preemptive effect, (2) is not a breach of contract claim that falls under the *Wolens* exception, and (3) is a fraud claim subject to preemption under applicable Seventh Circuit precedent that broadly interprets the term "services."

#### 1. Plaintiff's fraudulent concealment claim is not a personal injury claim that might otherwise be outside the scope of the ADA's preemptive effect.

Plaintiff opens her preemption argument by relying on Fifth, Ninth, and Second Circuit precedent that purportedly holds "the ADA does not preempt personal injury and safety claims arising from in-flight conduct." ECF 37, pps. 5-6. Setting aside the fact that these cases have no

[1] In its Answer to Counts I and II, United raises preemption as an affirmative defense.

binding effect on this Court,[2] the rulings cited by Plaintiff have no bearing on the instant case because Plaintiff's fraudulent concealment claim is not a personal injury cause of action.

The claim at issue in *Hodges v. Delta Airlines, Inc.*, 44 F.3d 334, 335 (5th Cir. 1995) was a negligence claim related to a box falling from an overhead compartment and cutting the plaintiff's arm and wrist. Similarly, *Charas v. Trans World Airlines, Inc*., 160 F.3d 1259, 1261 (9th Cir. 1998), involved consolidated injury claims alleging: a flight attendant hit a plaintiff's shoulder with a service cart; a passenger opened an overhead bin and luggage fell out onto a plaintiff's head; a plaintiff tripped over luggage left in the aisle by a flight attendant; a plaintiff fell while exiting an aircraft without assistance as requested; and a plaintiff fell while boarding a shuttle bus to a motel following the airline's boarding denial and pending certification from her doctor that it was safe for her to fly. Finally, in *Stagl v. Delta Airlines, Inc*., 52 F.3d 463, 466 (2d Cir. 1995), the plaintiff pursued a negligence claim against Delta after she broke her hip while seeking to retrieve her luggage from a baggage carousel.

In the present case, however, United has moved to dismiss a fraudulent concealment claim, not a negligence or personal injury cause of action. Plaintiff's fraudulent concealment claim relates to her ticket purchase (ECF 17, ¶ 125), communications allegedly made by United "[a]s part of that transaction (*Id.* at ¶ 126); and United's alleged concealment of facts in order to "preserve its business interests" (*Id.* at ¶ 131). Plaintiff's claim is not a tort action for personal physical injuries or negligence, like the cases cited in her Opposition.

Plaintiff claims that the courts in *Hodges*, *Charas*, and *Stagl* "recognized that Congress enacted the ADA to deregulate airline economics — not to shield airlines from accountability for physical injuries caused by their concealment of known dangers." ECF 37, p. 6. But Plaintiff's

---

[2] Plaintiff's reliance on Second, Fifth, Ninth, and Eleventh Circuit opinions have no precedential value on the issue before the Court.

characterization grossly overstates the holdings of these cases. None of these three cases involved a fraudulent concealment claim, and as a result, none of them addressed whether the ADA preempts fraudulent concealment claims that allegedly result in physical injuries. Furthermore, the court in *Stagl* never rendered any opinion whatsoever regarding preemption. *See Stagl v. Delta Airlines, Inc*., 52 F.3d 463, 467 (2d Cir. 1995) (not addressing the preemption issue on appeal because "neither party has questioned the district court's preemption ruling . . . .") Plaintiff's attempt to avoid preemption by shoehorning her fraudulent concealment claim into a personal injury cause of action should be rejected.

**2. Plaintiff is not asserting a breach of contract claim that falls under the *Wolens* exception, and she fails to otherwise distinguish *Mesa*, *O'Callaghan*, and *Kislov*.**

Plaintiff's arguments relating to *Wolens*, *Mesa*, *O'Callaghan*, and *Kislov* are equally unpersuasive. First, Plaintiff is misguided by relying on *Wolens* for the proposition that her fraudulent inducement claim is not preempted because she "seeks to hold United to obligations it publicly proclaimed." ECF 37, pps. 7-8. When the United States Supreme Court declared that the ADA's preemption clause does not shelter airlines from an "alleged breach of its own, self-imposed undertakings," it was referring to contractual obligations and breach of contract claims. *American Airlines, Inc. v. Wolens*, 513 U.S. 219, 228 (1995); *see also Williams v. Midwest Airlines, Inc*., 321 F. Supp. 2d 993, 995 (E.D. Wis. 2004) ("Under *Wolens*, a state law breach of contract claim is not preempted."). Here, Plaintiff does not assert a breach of contract claim. The claim at issue is rather a cause of action for fraudulent concealment. Accordingly, the *Wolens* exception does not save Plaintiff's fraud claim from preemption. *See Levey v. Concesionaria Vuela Compania de Aviacion, S.A.P.I. de C.V.*, 529 F. Supp. 3d 856, 864 (N.D. Ill. 2021) (holding the *Wolens* exception did not save plaintiff's Illinois Consumer Fraud Act claim from preemption).

Second, Plaintiff acknowledges *Mesa Airlines* held that claims relating to airline marketing are preempted. The fact that two airlines were parties in that litigation, and not a passenger and an airline, is irrelevant. Under *Wolens* and *Mesa Airlines*, fraud claims are preempted under the ADA. *United Airlines, Inc. v. Mesa Airlines*, 219 F.3d 605, 609-10 (7th Cir. 2000) ("*Wolens* held that [the ADA] preempts state anti-fraud statutes as applied to air carriers' rates, routes, and services . . . just so with common-law rules against fraudulent inducement.").

Third, Plaintiff admits that *O'Callaghan* involved a claim seeking to regulate airline advertising, which was preempted by the ADA. She offers no explanation to support disregarding this clear precedent: "Allowing the Plaintiffs to use consumer fraud laws (both statutory and common) to obtain damages from the Defendant's advertising has the effect of regulating the Defendant's rates." *O'Callaghan v. Arm Corp.*, No. 04 C 4005, 2005 U.S. Dist. LEXIS 12889, at *4 (N.D. Ill. June 8, 2005) (ECF 26-2).

And fourth, Plaintiff acknowledges that *Kislov* involved communications between passengers and the airline in finding the customer service hotline was a service preempted by the ADA. *Kislov v. Am. Airlines, Inc.*, No. 17 C 9080, 2022 U.S. Dist. LEXIS 50841, at *5 (N.D. Ill. Mar. 22, 2022) (ECF 26-1).

Plaintiff's attempt to distinguish these ADA preemption cases from the instant matter misses the mark. Her fraudulent concealment claim is preempted, and it should be dismissed with prejudice.

**3. Plaintiff's fraudulent concealment claim is preempted because it relates to United's services.**

Plaintiff concedes that state law claims with a connection or reference to airline "rates, routes, or services" are preempted. ECF 37, p. 7; *see also Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384 (1992). Circuits across the country are split on the scope and definition of the

term "services." Ninth Circuit precedent, on which Plaintiff relies, has "defined the word narrowly based on their view that Congress intended only to preempt state laws and lawsuits that would adversely impact the economic deregulation of the airline industry and the concurrent promotion of market competition." *Williams v. Midwest Airlines, Inc.*, 321 F. Supp. 2d 993, 995 (E.D. Wis. 2004) (citing as an example *Charas v. Trans World Airlines, Inc.*, 160 F.3d 1259 (9th Cir. 1998)).

The Seventh Circuit has adopted a different, and broader, definition of "services," as follows:

> . . . Elements of the air carrier service bargain include items such as ticketing, boarding procedures, provision of food and drink, and baggage handling, in addition to the transportation itself.

*Travel All Over the World v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1433 (7th Cir. 1996) (citing *Hodges v. Delta Airlines, Inc.*, 44 F.3d 334, 336 (5th Cir. 1995)); *see also Williams*, 321 F.Supp.2d at 995. "These matters are all appurtenant and necessarily included with the contract of carriage between the passenger or shipper and the airline," and "[i]t is these [contractual] features of air transportation that we believe Congress intended to de-regulate as 'services' and broadly to protect from state regulation." *Hodges*, 44 F.3d at 336.

Relying on the foregoing definition of "services," courts within the Seventh Circuit have consistently held that fraud claims and claims that attempt to regulate how an airline "interacts and communicates with its customers [are] preempted." *Kislov v. Am. Airlines Inc.*, No. 17 C 9080, 2022 U.S. Dist. LEXIS 50841, at *5 (N.D. Ill. Mar. 22, 2022) (ECF 26-1); *see also United Airlines, Inc. v. Mesa Airlines, Inc.*, 219 F.3d 605 (7th Cir. 2000) (affirming the dismissal of fraudulent inducement claims because "the Secretary of Transportation has been charged with investigating claims of deceit in the air transportation business and has the power to issue remedial orders (including monetary penalties) against air carriers that resort to fraudulent practices"); *See* **Ex. A**,

*ATA Airlines, Inc. v. Fed. Express Corp.*, No. 1:08-cv-0785-RLY-DML, 2010 U.S. Dist. LEXIS 39910, at *14 (S.D. Ind. Apr. 21, 2010) ("Similarly, ATA's claims for equitable estoppel (Count D), promissory estoppel (Count E), constructive fraud/fraudulent concealment (Count F), and attorney's fees (Count G) are preempted because they seek relief outside the scope of the parties' agreements.").

Plaintiff argues that her claim does not implicate services, and she is not requiring United to alter its ticket prices, adjust its routes, or change any economic feature of its services. A review of her allegations demonstrates that this argument has no merit. Plaintiff indicates repeatedly that she seeks to regulate economic aspects of United's services, including its marketing, advertising, ticketing, and communications with its customers.[3] Plaintiff fails to explain how her fraudulent concealment claim does not relate to ticketing and the economic bargain between United and Plaintiff. Indeed, Plaintiff alleges "had she known of United's documented history . . . . she would not have flown on United." ECF 17, ¶¶ 133-34; ECF 37, p. 3. It exceeds the bounds of reasonableness to suggest her fraudulent concealment claim has only a tenuous, remote, or peripheral connection to airline economics and services.

Specifically, Plaintiff asks this Court to impose Illinois law to dictate the information United must market and advertise generally, on its website, and during its ticketing process or through its ticketing platform. Plaintiff seeks damages based upon alleged "facts that are material to passenger safety and that are categorically unavailable to an ordinary ticket buyer through any reasonable inquiry." ECF 37, p. 5.

---

[3] Plaintiff references "ticket" or "ticketing" on four occasions in her Opposition (ECF 37, pps. 3 & 12); "communications" or "messaging" on two occasions (ECF 37, p. 12); United's website on five occasions (ECF 37, pps. 3, 10, & 12); and "transportation" once (ECF 37, p. 3).

There is no doubt that Plaintiff seeks to regulate United's communications with its passengers regarding its transportation services as evidenced by her claim that United's "corporate communications, ticketing process, gate agents, and flight crew" were involved with the alleged fraud. *Id.* at p. 12. She states that allowing her claim to proceed "would require United to be truthful" in its communications. *See id.* Other courts that have assessed claims that created an "obligation to speak truthfully," have held such "state-law claims for fraud by concealment, fraud by misrepresentation, and negligent misrepresentation are preempted by the ADA." *Earl v. Boeing Company*, 611 F. Supp. 3d 345, 361-362 (E.D. Tex. 2020) (wherein plaintiffs allege they would have never purchased tickets if they had known the MAX 8 was allegedly defective).

Moreover, Plaintiff suggests that United should have disclosed to the public and its customers "how many incidents it has documented, how many complaints it has received, how often its employees have violated its own alcohol-service policies, and what it has done (or failed to do) in response . . . ." and continues by suggesting "[a]irlines do not report incident data to regulatory agencies in any form accessible to the public, and United does not voluntary disclose it." ECF 37, p. 11.

It is thus unmistakable that Plaintiff seeks to regulate United's services as defined by the Seventh Circuit. *See Travel All Over the World v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1433 (7th Cir. 1996) (holding the intentional tort claims expressly referred to airline services, which included ticketing and transportation itself). Notably, Plaintiff does not even address *Travel All Over the World* – which is the key precedent for the definition of "services" in this Circuit.

There is no question that Plaintiff's fraudulent concealment claim improperly seeks to regulate airline "services" – including ticketing procedures and communications with customers.

Those services are within the exclusive purview of the FAA and DOT. Accordingly, Plaintiff's fraudulent concealment claim against United should be dismissed as preempted.

## B. PLAINTIFF'S CLAIM FAILS TO SATISFY RULE 9(B).

While Plaintiff's claim is preempted, it also independently fails to satisfy Rule 9(b). First, Plaintiff does not allege a duty to disclose. And, even if she did, permitting Plaintiff's vague fraudulent concealment claim to proceed would be in contravention of Rule 9(b). She fails to allege the who, what, when, where, and how of the alleged fraud with the requisite specificity.

### 1. The Complaint does not allege a duty to disclose.

The one case Plaintiff cites to support her claim that a duty to disclose arose between United and Plaintiff is inconsequential. In *Connick*, the court held the plaintiffs' claim for common law fraudulent concealment failed because they did not adequately allege that the defendant had a duty to disclose its knowledge of safety risks and there was only a standard manufacturer-consumer relationship. *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 500, 675 N.E.2d 584, 593 (Ill. 1996). Plaintiff cannot rely on a non-binding "principle" or judicial dicta to establish as a matter of law that her complaint sufficiently alleges a duty to disclose. Similar to *Connick*, Plaintiff here has not alleged that the parties were in a confidential or fiduciary relationship or that United was in a position of superiority over Plaintiff when she booked her ticket that imposed any duty to disclose.

Despite United's position that it was under no duty to disclose, Plaintiff's own complaint is replete with references to publicly available information, dating back nearly a decade, regarding alleged sexual assault incidents on airlines generally. ECF 37, pps. 2 – 3. Plaintiff cannot argue that information disclosed and available to the public was not equally available to her. Plaintiff fails to sufficiently plead that United concealed a material fact under circumstances creating a duty to disclose.

**2. The Complaint does not adequately plead the remaining elements under the Rule 9(b) standard.**

Plaintiff's Opposition does not cure the remaining, material defects in her Complaint. As in *Windy City Metal Fabricators*, Plaintiff has failed to plead who at United made alleged false statements (she gives blanket identifications of employee positions for the first time in her Opposition), when any such statement was made (she gives a blanket conclusion that it occurred before the subject flight and during a time period of other alleged incidents she identified through publicly available documents), or how any statement was communicated (she fails to identify any context regarding how an omission resulted in any misleading concealment between United and Plaintiff). *See generally* 536 F. 3d 663, 668 (7th Cir. 2008).

Plaintiff's Opposition also fails to address three fatal flaws of her fraudulent concealment claim. Plaintiff has not alleged (1) any particulars suggesting United intended to induce a false belief about anything, (2) that she could not have discovered the alleged concealed facts, or (3) that she was prevented from making a reasonable inquiry.

Grounds for suspicions must make allegations plausible. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 443 (7th Cir. 2011). While Plaintiff's complaint skips the phrase "information and belief" (*Id.*), her fraudulent concealment claim relies on other people suing United and detailed their allegations (ECF 17, ¶¶ 88-99), "publicly acknowledged failures and internal conduct" (ECF 37, p. 13), or incident reports. "But when someone alleges fraud based on information and belief, not just any grounds will do." *Pirelli*, 631 F.3d at 443. "Although the federal rules are flexible in this realm, allegations based on the mere filing of other lawsuits generally will not provide much in the way of plausible corroboration of . . . fraud." *Id.*

As noted earlier, numerous paragraphs in Plaintiff's Complaint demonstrate that all facts she alleged were concealed were publicly available. Even in her Opposition, she again cites to publicly available information. Taking the facts of her Complaint as true for purposes of this motion, "a reasonable inquiry would have discovered the alleged concealment." *Nartey v. Franciscan Health Hosp.*, 2 F.4th 1020, 1026 (7th Cir. 2021).

Further, Plaintiff's conclusions about acting differently in response to any unspecified concealed facts or that she relied on any supposed concealment that resulted in damages should be disregarded. Rule 9(b) serves three main purposes: "(1) protecting a defendant's reputation from harm; (2) minimizing 'strike suits' and 'fishing expeditions'; and (3) providing notice of the claim to the adverse party." *Vicom, Inc. v. Harbridge Merchant Servs.*, 20 F.3d 771, 777 (7th Cir. 1994). Plaintiff's Complaint, which fails to adequately plead the "who, what, when, where and how" required under Rule 9(b), undermines all three, and seeks to tarnish United. This Court should dismiss Plaintiff's fraudulent concealment claim against United with prejudice.

**3. Plaintiff fails to distinguish *Towers* and *Solomon*.**

Lastly, Plaintiff's reliance on *Towers Financial Corporation v. Solomon* and *Morgan v. Kobrin Securities, Inc.*, to suggest United's reading of the "who" requirement is too rigid, is misplaced. *Towers* is distinguishable because the plaintiffs did not raise conclusory allegations of fraud and specifically described the nature of the misrepresentations, the general time frame in which they were made, the parties involved, and the consequences of the fraud. *See* **Ex. B**, No. 89 C 913, 1989 U.S. Dist. LEXIS 8007, at *10 (N.D. Ill. July 10, 1989). Under the circumstances of that case, the allegations were satisfactory. Here they are not.

Plaintiff also cites to *Morgan v. Kobrin Securities, Inc.*, which states that a plaintiff "must at least specify the persons, contents and manner of communication of the alleged

misrepresentation." 649 F. Supp. 1023, 1028 (N.D. Ill. 1986). A complaint can survive a Rule 9(b) motion if it "sufficiently describes the fraudulent act and provides the individuals with sufficient information to answer the allegations." *Id.* at 1029 (quoting *Tomera v. Galt*, 511 F.2d 504, 508 (7th Cir. 1975)) (internal quotation marks omitted). In *Morgan* the plaintiff outlined the defendant's initial conversation by date, time, place, and substance. Here, Plaintiff does not even identify when she purchased her ticket for the subject flight or the subject of the representation or concealment. Any "scheme" (which United vehemently denies) has not been outlined in any detail. Plaintiff's fraudulent concealment claim should be dismissed.

### C. DISMISSAL SHOULD BE WITH PREJUDICE.

To attempt to account for her shortfall in the sufficiency of her allegations, Plaintiff seemingly adds facts in her Opposition but "'a plaintiff may not amend [her] complaint in [her] response brief.'" **Ex. C**, *Everett v. Northern Reception Classification Ctr.*, No. 19-cv-2345, 2020 U.S. Dist. LEXIS 60811, at *8 (N.D. Ill. Apr. 7, 2020) (quoting *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011)).

This Court may deny leave to amend if the amendment would not cure the deficiencies identified in the complaint. *Taylor v. Salvation Army Nat'l Corp.*, 110 F.4th 1017, 1033 (7th Cir. 2024). Because any amendments would be futile, Count III should be dismissed with prejudice.

## III. CONCLUSION

For the foregoing reasons, United respectfully requests that the Court dismiss Count III against United for fraudulent concealment, with prejudice, and strike the other allegations of fraud, including the nature of the action, made elsewhere in the Complaint based on preemption and/or lack of particularity.

Date: June 26, 2026

Respectfully submitted,

UNITED AIRLINES, INC.

By: Kristin A. Hoffman
_______________________________
One of its Attorneys

Michael G. McQuillen
Paula L. Wegman
Kristin A. Hoffman
Stephen A. Hench
HINSHAW & CULBERTSON LLP
151 N. Franklin St., Suite 2500
Chicago, IL 60606
Tel: 312-704-3000
Fax: 312-704-3001
Email: mmcquillen@hinshawlaw.com
pwegman@hinshawlaw.com
khoffman@hinshawlaw.com
shench@hinshawlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify on June 26, 2026, that the foregoing was filed with the Clerk of Court using the CM/ECF system, which served all counsel of record listed below via electronic delivery.

**Counsel for Plaintiff**

Antonio Romanucci
Daisy Ayllon
Sarah M. Raisch
ROMANUCCI & BLANDIN, LLC
321 N. Clark St., Suite 900
Chicago, IL 60654
Tel: (312) 253-8618
Fax: (312) 458-1004
aromanucci@rblaw.net
dayllon@rblaw.net
sraisch@rblaw.net

**Counsel for Defendant, Viktor Batischew**

Isiah LeGendre, Esq. (*Pro hac vice*)
Bukh Law Firm, PLLC
1123 Avenue Z
Brooklyn, NY 11235
(315) 278-0844
ilegendre@ymail.com

*/s/ Kristin A. Hoffman*