**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **Marykate Burns**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**United Airlines, Inc. and Viktor Batischew,**<br><br>**Defendants.** | **Case No: 1:25-cv-11606** |

**PLAINTIFF MARYKATE BURNS' RESPONSES TO DEFENDANT VIKTOR BATISCHEW'S FIRST SET OF REQUESTS FOR ADMISSION**

Plaintiff, Marykate Burns, by and through her attorneys, Romanucci & Blandin, LLC, hereby responds, to Requests for Admission propounded by Defendant Viktor Batischew, as follows:

**REQUEST FOR ADMISSION NO. 1:** Admit that no person other than You and Batischew directly observed the physical contact alleged in Paragraphs 21 through 32 of the First Amended Complaint.

**RESPONSE:** Plaintiff objects to this request as it asks Plaintiff to speculate about others' observations. Plaintiff lacks sufficient knowledge or information to admit or deny this Request. Plaintiff was not in a position to determine what other passengers or flight crew observed, but crew members spoke with the police about their observations.

**REQUEST FOR ADMISSION NO. 2:** Admit that at the time You allege the initial contact occurred, the passengers seated nearest to You were asleep.

**RESPONSE:** Plaintiff admits that the passengers seated nearest to her appeared to be asleep at the time Batischew first sexually assaulted her by laying on top of her; however, only those passengers have definitive knowledge as to whether they were asleep.

**REQUEST FOR ADMISSION NO. 3:** Admit that at the time You allege the initial contact occurred, You were wearing a sleep mask that covered Your eyes.

**RESPONSE:** Plaintiff admits.

**REQUEST FOR ADMISSION NO. 4:** Admit that immediately prior to the alleged contact, You were asleep.

**RESPONSE:** Plaintiff objects to this request as it fails to define the timeframe. Plaintiff admits that she was asleep before Batischew first sexually assaulted her by laying on top of her, but does not know precisely when she fell asleep or how long she had been asleep.

**REQUEST FOR ADMISSION NO. 5:** Admit that immediately prior to the alleged contact, You were reclining across more than one seat in Your row.

**RESPONSE:** Plaintiff admits that she was sleeping across more than one seat in her row before Batischew first sexually assaulted her by laying on top of her.

**REQUEST FOR ADMISSION NO. 6:** Admit that the video recording referenced in Paragraph 32 of the First Amended Complaint is less than five (5) seconds in duration.

**RESPONSE:** Plaintiff admits.

**REQUEST FOR ADMISSION NO. 7:** Admit that the video recording referenced in Paragraph 32 of the First Amended Complaint does not depict Batischew's hand in contact with Your vaginal area.

**RESPONSE:** Plaintiff denies. Defendant Batischew's hand is touching Marykate's vaginal area in the video referenced in Paragraph 32 of the First Amended Complaint.

**REQUEST FOR ADMISSION NO. 8:** Admit that the video recording referenced in Paragraph 32 of the First Amended Complaint contains no audible statement by Batischew.

**RESPONSE:** Plaintiff admits.

**REQUEST FOR ADMISSION NO. 9:** Admit that no criminal charges have been filed against Batischew arising out of the Incident.

**RESPONSE:** After reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny whether criminal charges have been filed against Batischew arising out of the Incident. Plaintiff is aware that, following the Flight, law enforcement did not arrest or detain Batischew at the airport. Defendant Batischew is in a better position to know whether any criminal charges were subsequently filed

against him.

**REQUEST FOR ADMISSION NO. 10:** Admit that law enforcement declined to arrest Batischew following the Flight.

**RESPONSE:** Plaintiff admits that law enforcement did not arrest or detain Batischew at the airport.

**REQUEST FOR ADMISSION NO. 11:** Admit that Batischew stated to law enforcement that he had been asleep at the time of the contact.

**RESPONSE:** Plaintiff admits only that the police report reflects that Batischew stated that he fell asleep and woke up on top of Plaintiff. Plaintiff otherwise denies the Request to the extent it characterizes Batischew as stating that he was asleep "at the time of the contact."

**REQUEST FOR ADMISSION NO. 12:** Admit that United Airlines did not serve any alcoholic beverage to Batischew aboard the Flight.

**RESPONSE:** After reasonable inquiry, Plaintiff lacks sufficient knowledge or information to admit or deny this Request. Discovery concerning United Airlines' service of alcohol to Batischew is ongoing. Plaintiff further states that, during the investigation, a law enforcement officer advised Plaintiff that the officer had been told Batischew had been drinking.

**REQUEST FOR ADMISSION NO. 13:** Admit that You did not personally observe Batischew consume any alcoholic beverage at any time on November 2 or November 3, 2024.

**RESPONSE:** Plaintiff admits she did not personally observe Batischew consuming alcohol.

**REQUEST FOR ADMISSION NO. 14:** Admit that Batischew did not make any verbal threat of violence toward You at any time.

**RESPONSE:** Plaintiff admits that Batischew did not make an express verbal threat of violence. Plaintiff denies any implication that Batischew did not engage in physically threatening conduct.

**REQUEST FOR ADMISSION NO. 15:** Admit that on each occasion a member of the flight crew directed Batischew to return to his seat, he complied.

**RESPONSE:** Plaintiff denies. On at least one occasion, Defendant Batischew failed to remain in his seat after being directed by the flight crew to return to it and

continued to be belligerent when the crew asked him to return to his seat.

**REQUEST FOR ADMISSION NO. 16:** Admit that You did not seek medical treatment on November 3, 2024.

**RESPONSE:** Plaintiff admits that she did not seek medical treatment on November 3, 2024, but states that she did seek treatment thereafter.

**REQUEST FOR ADMISSION NO. 17:** Admit that You did not seek medical treatment for any condition related to the Incident until on or about November 14, 2024.

**RESPONSE:** Plaintiff admits.

**REQUEST FOR ADMISSION NO. 18:** Admit that You sustained no laceration, fracture, dislocation, or other injury requiring sutures, casting, or surgical intervention as a result of the Incident.

**RESPONSE:** Plaintiff admits that she sustained no laceration, fracture, dislocation, or injury requiring sutures, casting, or surgical intervention. Plaintiff did, however, sustain bruising as a result of the Incident.

**REQUEST FOR ADMISSION NO. 19:** Admit that You received mental health treatment for anxiety prior to November 2, 2024.

**RESPONSE:** Plaintiff objects to the Request as vague and ambiguous as to the phrase "mental health treatment for anxiety," including whether the Request refers to treatment for a diagnosed anxiety disorder or treatment during which symptoms of anxiety may have been discussed. Subject to and without waiving that objection, Plaintiff denies. Plaintiff had not been diagnosed with an anxiety disorder prior to November 2, 2024.

**REQUEST FOR ADMISSION NO. 20:** Admit that You received mental health treatment for depression prior to November 2, 2024.

**RESPONSE:** Plaintiff objects to the Request as vague and ambiguous as to the phrase "mental health treatment for depression," including whether the Request refers to treatment for a diagnosed depressive disorder or treatment during which symptoms of depression may have been discussed. Subject to and without waiving that objection, Plaintiff denies. Plaintiff had not been diagnosed with a depressive disorder prior to November 2, 2024.

**REQUEST FOR ADMISSION NO. 21:** Admit that You were under the care of a mental health professional continuously for a period exceeding twelve (12) months

prior to November 2, 2024.

**RESPONSE:** Plaintiff admits.

**REQUEST FOR ADMISSION NO. 22:** Admit that You have traveled aboard commercial aircraft on at least five (5) occasions since November 3, 2024.

**RESPONSE:** Plaintiff admits.

**REQUEST FOR ADMISSION NO. 23:** Admit that at least one of those flights was a transcontinental flight between Hawaii and the continental United States.

**RESPONSE:** Plaintiff admits.

**REQUEST FOR ADMISSION NO. 24:** Admit that You continue to work as an esthetician.

**RESPONSE:** Plaintiff admits.

**REQUEST FOR ADMISSION NO. 25:** Admit that You claim no lost wages in this action.

**RESPONSE:** Plaintiff is not making a claim for lost wages.

**REQUEST FOR ADMISSION NO. 26:** Admit that You have not been advised by any Healthcare Provider to cease working.

**RESPONSE:** Plaintiff admits.

**REQUEST FOR ADMISSION NO. 27:** Admit that You have not been advised by any Healthcare Provider to refrain from air travel.

**RESPONSE:** Plaintiff admits.

**REQUEST FOR ADMISSION NO. 28:** Admit that Batischew has never communicated with You other than aboard the Flight.

**RESPONSE:** Plaintiff admits.

**REQUEST FOR ADMISSION NO. 29:** Admit that You did not activate the flight attendant call button at any time prior to leaving Your seat.

**RESPONSE:** Plaintiff admits that she did not activate the flight attendant call button. Plaintiff reported Batischew's conduct directly to members of the flight crew.

**REQUEST FOR ADMISSION NO. 30:** Admit that You seek no damages from Batischew for medical expenses incurred prior to November 2, 2024.

**RESPONSE:** Plaintiff admits.

Date: August 13, 2026

*/s/ Sarah Raisch*
Daisy Ayllon
Sarah M. Raisch
ROMANUCCI & BLANDIN, LLC
321 N. Clark St., Suite 900
Chicago, IL 60654
Phone: (312) 253-8618
Fax: (312) 458-1004
Email: dayllon@rblaw.net
sraisch@rblaw.net

**CERTIFICATE OF SERVICE**

I hereby certify on August 13, 2026, that the foregoing was filed with the Clerk of Court using the CM/ECF system, which served all counsel of record listed below via electronic delivery.

Kristin A. Hoffman
Paula L. Wegman
Hinshaw & Culbertson LLP
151 N. Franklin, Suite 2500
Chicago, IL 60606
6188166 (312) 704-3000
khoffman@hinshawlaw.com
pwegman@hinshawlaw.com

Isiah LeGendre, Esq.
Bukh Law PA
1123 Avenue Z,
Brooklyn, NY 11235
(347)775-2268
ilegendre@ymail.com

*/s/Matt Dominguez*